## ALFRED MUDGET *vs.* CHARLES B. KENT.

After final judgment in the District Court, exceptions will not lie to any proceedings in the action prior to the rendition of the judgment.

If the District Court should proceed to render judgment in an action where exceptions were allowed, it would afford just cause for new exceptions.

But a party cannot except to any proceedings of a court, which take place in accordance with his own request, or by his consent.

And if a judgment be rendered in the District Court at the request of a party, the rendition of such judgment will furnish no cause for exception on his part.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

The action was debt, originally commenced before a justice of the peace, and carried by appeal to the District Court. Under instructions from the District Judge on matters of law, the jury returned a verdict for the defendant. The exceptions state, that upon the rendition of the verdict, the plaintiff's counsel moved for leave to file exceptions, *and requested the judgment to be entered up.* The Judge suggested whether it might not be too late, after judgment, to file exceptions. The plaintiff's counsel however, after taking time, and examining, and citing certain statutes, preferred to have judgment rendered. Thereupon in pursuance of the verdict, the Judge rendered judgment, that the plaintiff take nothing by his writ, and that the defendant go thereof without day, and recover his costs. " To which proceedings and several rulings and instructions of the Judge as aforesaid the plaintiff excepts, and he also excepts to the rendition of the judgment rendered upon the verdict as aforesaid."

*Clark*, for the plaintiff, contended, that the exceptions were taken at the proper time. But if they were not, then the judgment ought not to have been rendered, and that is a sufficient ground of exception.

*Wells*, for the defendant, insisted, that exceptions did not lie to an irregular final judgment. The remedy then is by appeal, petition for new trial, or by writ of error. *Stat.* 1839, *c.* 373, § 5 ; *Stat.* 1822, *c.* 193. Exceptions lie to matters arising during the progress of a cause. *Warren v. Litchfield,* 7 *Greenl.* 63.

Mudget *v.* Kent.

The opinion of the Court was prepared by

SHEPLEY J. — The act establishing District Courts, *Stat.* 1839, *c.* 373, § 5, provides, that when exceptions shall be allowed and signed " all further proceedings shall be stayed ; and the party making such exceptions shall enter such action" in this court, and shall produce all papers as in cases of appeal. And this court is to consider and determine the same, and " render judgment thereon" or grant a new trial as law and justice may require. The intention is clearly exhibited, that the District Court should not in such cases proceed to judgment. The proceedings are to be stayed, not completed, there. And this court is to render the judgment, when it does not find a new trial to be necessary. It would afford just cause for new exceptions, if that court should proceed to render judgment on a case, where exceptions were allowed. But a party cannot except to any proceedings of a court, which take place in accordance with his own request, or by his consent. The judgment in this case having been rendered at the request of the plaintiff is not vacated according to any of the provisions of the statute. For the statute does not in such cases authorize an appeal from a judgment, but introduces the case here, that a proper one may be rendered. The exceptions taken to the prior proceedings were not by the statute designed to vacate a judgment by consent. The plaintiff is precluded from having his exceptions considered here, because he does not present the case to this court in the manner required by law. Not being so presented, this court can take no cognizance of it ; and it must be dismissed.